FIDELMAN ESTATE, INCORPORATED *v.*
STATE TAX COMMISSION

1. Taxation—Assessment—Tax Commission Review—Decision—
Notice of Decision.

Failure of the State Tax Commission to render and file a decision
after a hearing in an appeal from an assessment and to mail
or deliver a copy of the decision to plaintiff or his counsel
is reversible error (PA 1967, No 304; MCLA § 209.102).

2. Taxation—Assessment—Tax Commission Review—Record—
Due Process.

An administrative hearing affecting the property of a party does
not meet the minimum requirements of due process if the
affected party is not afforded an opportunity to know all of
the evidence which may be relied upon by the administrative
agency in reaching its decisions; therefore where studies relied
on by a State Tax Commission staff appraiser in determining
a taxpayer's assessment were not made a part of the record
of hearings on the taxpayer's appeal nor made available to
the taxpayer, reversible error was committed.

Appeal from the State Tax Commission. Sub-
mitted Division 3 October 15, 1970, at Lansing.
(Docket No. 7223.) Decided January 19, 1971.

Fidelman Estate, Incorporated, taxpayer, ap-
pealed its 1968 real property assessment by the
township of Geneva to the Michigan State Tax Com-
mission. Order entered by State Tax Commission
fixing the assessment of taxpayer's property. Tax-

References for Points in Headnotes
[1] 51 Am Jur, Taxation §§ 728, 730–732, 779–789.
[2] 51 Am Jur, Taxation §§ 741, 742, 767–774, 786

payer appeals by leave granted.   Reversed and remanded.

*Albert Green,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter* and *Richard R. Roesch,* Assistant Attorneys General, for the State Tax Commission.

Before: QUINN, P. J., and V. J. BRENNAN and ZIEM,* JJ.

ZIEM, J.   Plaintiff appeals an order of the Michigan State Tax Commission placing certain real property on the assessment roll at $100,700.   The property consists of a resort, restaurant, and lounge located in Geneva Township in Van Buren County.

A hearing was held in March, 1969, after which the commission filed an order.   Additional hearings were held on July 9 and July 24, 1969, to give plaintiff's counsel an opportunity to cross-examine the commission's staff; to examine reports and studies made by them; to present witnesses; and to allow the commission to reconsider its decision and render a new decision.

The transcript of the July 24, 1969, hearing indicates that the commission chairman stated in part: "The commission will take all of this under consideration and we will render a decision to you as soon as we possibly can".   No new decision was rendered. PA 1967, No 304 (MCLA 1970 Cum Supp § 209.102 [Stat Ann 1970 Cum Supp § 7.632]) states in part concerning decisions of the commission:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"All decisions shall be filed in the office of the state tax commission and shall be mailed or delivered to a party or his legal representative."

It is essential that the statute be followed. The commission failed to render a decision or to file one after the July hearings and also failed to mail or deliver it to plaintiff or its counsel. This constitutes reversible error.

Studies upon which Mr. Galvin, the staff appraiser for the Michigan State Tax Commission, relied were not made part of the record of the commission's hearings nor were they made available to plaintiff. The plaintiff was not given an opportunity to examine these studies prepared by the commission's staff.

As stated in *Pavilion Apartments, Inc.,* v. *State Tax Commission* (1964), 373 Mich 601, 607, citing *Interstate Commerce Commission* v. *Louisville & N. R. Co.* (1913), 227 US 88 (33 S Ct 185, 57 L Ed 431) :

"[A]n administrative hearing affecting the property of a party does not meet the minimum requirements of due process if the affected party is not afforded an opportunity to know all of the evidence which may be relied upon by the administrative agency in reaching its decision."

The Michigan Supreme Court has further stated in *Fisher-New Center Company* v. *State Tax Commission* (1968), 380 Mich 340, 353:

"The taxpayer must be afforded an opportunity to challenge the validity of such studies, reports or findings, and to cross-examine the persons preparing the same. We remanded this case to the commission for further hearing in light of *Pavilion.*"

An assessment based on unproduced studies constitutes reversible error.

In view of the reversible errors committed, decision upon the other issues raised by appellant would not be controlling and is therefore unnecessary.

Reversed and remanded.

All concurred.